IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| JERRY B. BAILEY, | |
| Plaintiff, | CIVIL ACTION NO.: 5:20-cv-51 |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | |
| Defendant. | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge Anthony Saragas ("the ALJ" or "ALJ Saragas") denying his claim for Period of Disability, Disability Insurance Benefits, and Supplemental Security Income. Plaintiff urges the Court to reverse the ALJ's decision. Doc. 15 at 7. Defendant asserts the Commissioner's decision should be affirmed. Doc. 16 at 11. For the reasons which follow, I **RECOMMEND** the Court **AFFIRM** the Commissioner's decision and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment.

### BACKGROUND

Plaintiff filed applications for a Period of Disability, Disability Insurance Benefits, and Supplement Security Income on March 2, 2016, alleging an onset date of August 1, 2015, due to a compound fracture of his left leg. R. 18, 90, 99, 276, 302, 350. On February 28, 2019, ALJ Saragas held a hearing at which Plaintiff, who was represented by counsel, appeared and testified. R. 18. Kenneth L. Bennett, a vocational expert, also appeared at the hearing. R. 18. ALJ Saragas denied Plaintiff's claim for disability after a hearing in a decision issued on April

24, 2019.  R. 18–26.  The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.  R. 1.

Plaintiff, born on May 9, 1970, was 45 years old at the time of the alleged onset date and 48 years old at the time of the ALJ's decision in 2019.  R. 24, 55, 276.  He graduated high school, and Plaintiff's past relevant work experience includes working as an assembly supervisor and pipeline laborer.  R. 24, 351–52, 429.

## DISCUSSION

### I.    The ALJ's Findings

Title II of the Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The Act qualifies the definition of disability as follows:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]

42 U.S.C. § 423(d)(2)(A).  Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person meets the definition of disability.  20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987).

The first step determines if the claimant is engaged in "substantial gainful activity."  Id.  If the claimant is engaged in substantial gainful activity, then benefits are immediately denied.  Id.  If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments.  Id. at 140–41.  If

2

the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141.

If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work, i.e., whether the claimant has the residual functional capacity to perform his past relevant work. Id.; Stone v. Comm'r of Soc. Sec., 503 F. App'x 692, 693 (11th Cir. 2013). A claimant's residual functional capacity "is an assessment . . . of the claimant's remaining ability to do work despite his impairments." Id. at 693–94 (ellipsis in original) (quoting Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)). If the claimant is unable to perform his past relevant work, the final step of the evaluation process determines whether he is able to make adjustments to other work in the national economy, considering his age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142.

Here, the ALJ followed this sequential process to determine Plaintiff did not engage in substantial gainful activity during the period from his alleged onset date through his insured date of December 31, 2019. R. 20. At step two, ALJ Saragas determined Plaintiff had the following severe impairments: osteoarthritis of the left knee and chronic deformity of left tibial diaphysis, status post left lower extremity fracture and surgical repair, and obesity. R. 20. The ALJ also

3

determined Plaintiff had several non-severe medical impairments, including a history of kidney stones, hypertension, history of back pain, and anxiety.  R. 21.  At the third step, the ALJ determined Plaintiff's impairment or combination of impairments did not meet or medically equal the severity of a listed impairment.  R. 21.  The ALJ found Plaintiff has the residual functional capacity to perform work at the light exertional level with the following exceptions: he should not stand or walk for more than four hours a day; he could occasionally balance, stoop, knee, crouch, crawl, or climb ramps or stairs; he should not climb ladders, ropes, or scaffolds; he should not be exposed to unprotected heights or moving mechanical parts; he can occasionally operate foot controls with both lower extremities; he should not walk on uneven terrain or operate commercial vehicles; he can occasionally handle exposure to vibrations; and he should not perform assembly line, fast-paced, or high production quota work.  R. 21.  At the next step, the ALJ determined Plaintiff could perform his past relevant work as an assembly supervisor.  R. 24.  The ALJ concluded at the fifth and final step Plaintiff could alternatively perform jobs such as cashier, storage facility rental clerk, and document preparer, all of which are exist in significant numbers in the national economy.  R. 24–25.

## II.     Issue Presented

Plaintiff asserts the ALJ erred by not addressing testimony from nurse practitioner Scott Mathis, who opined on Plaintiff's need to elevate his leg.  Doc. 15 at 5.

## III.    Standard of Review

It is well-established judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence" and whether the Commissioner has applied appropriate legal standards.  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990).  A

4

reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Ingram v. Comm'r of Soc. Sec. Admin., 496 F. 3d 1253, 1260 (11th Cir. 2007). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982), *overruling by statute on other grounds recognized by* Lane v. Astrue, No. 8:11-CV-345-T-27, 2012 WL 292637, at *4 (M.D. Fla. Jan. 12, 2012).

**IV.    Whether the ALJ Erred by not Considering the Opinion of NP Mathis**

Plaintiff argues ALJ Saragas erred by not discussing nurse practitioner Scott Mathis' ("NP Mathis") opinion Plaintiff needs to elevate his leg. Doc. 15 at 5. The Commissioner

5

responds the ALJ did not err because NP Mathis was not an acceptable medical source, his assessment was not a medical opinion, and the ALJ appropriately evaluated NP Mathis' opinion before rejecting it.  Doc. 16 at 9–11.

"Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178–79 (11th Cir. 2011) (alteration in original) (quoting 20 C.F.R. §§ 404.1527(a), 416.927(a)).  When Plaintiff's administrative proceeding occurred, the governing Regulation defined a "medical opinion" as "statements from acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including his symptoms, diagnosis, and prognosis, what he can still do despite impairment(s), and his physical or mental restrictions." 20 C.F.R. §§ 404.1527(a), 416.927(a).  Indeed, "[t]he administrative law judge [is] not required to state what weight he assigned to medical records that did not qualify as medical opinions." Romero v. Comm'r of Soc. Sec., 752 F. App'x 906, 908 (11th Cir. 2018).  Rather, "[a]n administrative law judge is obligated to assign a weight only to a statement that constitutes a medical opinion." Id. (citing Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987)).

The opinions of non-treating doctors, such as a one-time examiner, or from non-acceptable medical sources, such as a nurse practitioner, are not entitled to deference or special consideration.  See Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1160 (11th Cir. 2004).  NP Mathis cannot be considered a treating source because nurse practitioners are not listed in the Regulations as acceptable medical sources.  See 20 C.F.R. §§ 404.1502, 404.1513(a), (d); SSR

6

06-03p (2013) (excluding nurse practitioner from the list of "acceptable medical sources" whose opinions may be considered in determining the existence of an impairment); Medina v. Soc. Sec. Admin., 636 F. App'x 490, 493 (11th Cir. 2016) (explaining a nurse practitioner is not considered a treating source because nurses are not listed in the Regulations as an acceptable medical source).

Indeed, opinions from medical sources who are not acceptable medical sources and from non-medical sources should be considered, but not every factor for weighing opinion evidence will apply in every case; it depends on the particular facts of each case. 20 C.F.R. § 404.1527(f)(1). An ALJ "generally should explain the weight given to opinions from these sources, or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the [ALJ's] reasoning, when such opinions may have an effect on the outcome of the case." 20 C.F.R. § 404.1527(f)(2). Furthermore, SSR 06-03p instructs ALJs to evaluate the opinions of "other sources" on "issues such as impairment severity and functional effects." SSR 06-03p, 2006 WL 2329939, at *3. To this end, SSR 06-03p lists certain factors an ALJ may apply to his opinions, including the length of the relationship between the other source and the claimant, the frequency of such visits, the consistency of the opinions with the other evidence, the degree to which the source explains and presents evidence to support the opinion, and the other source's specialty. Id. at *5. Even so, the ALJ need not "specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection" that suggests the ALJ did not consider the record as a whole. Dyer, 395 F.3d at 1211.

The Court must first determine whether the disputed portion of NP Mathis' evaluation form, R. 637–40, contains any "opinion" reflecting a judgment about the nature and severity of

7

Plaintiff's impairments.  See 20 C.F.R. § 404.1527(a) ("Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s).").  The relevant portion of the evaluation form required NP Mathis to indicate whether Plaintiff's ability to sit, stand, or walk is affected by his medical condition, how many hours in an 8-hour workday Plaintiff can sit, stand, or walk, and the medical findings that support his assessment on sitting, standing, and walking.  R. 638.  Thus, NP Mathis provided an opinion reflecting a judgment about the nature and severity of Plaintiff's impairment and the Commissioner does not argue otherwise.  Winschel, 631 F.3d at 1179 (finding claimant's treatment notes constituted medical opinions because the notes contained "a description of [his] symptoms, a diagnosis, and a judgment about the severity of his impairments").

Because nurses, like NP Mathis, are not acceptable medical sources, their opinions are weighed the same as any other lay witness.  See Carter v. Colvin, CV616-012, 2017 WL 360926, at *1 n.1 (S.D. Ga. Jan. 3, 2017); Clerjeaux v. Colvin, No. 15-14137-CIV, 2016 WL 7470008, at *2 (S.D. Fla. Aug. 8, 2016); Bombka v. Comm'r of Soc. Sec., No. 620CV234, 2021 WL 640493, at *3 (M.D. Fla. Jan. 29, 2021), *report and recommendation adopted*, 2021 WL 639068 (M.D. Fla. Feb. 18, 2021).  For non-medical source evidence, the ALJ is merely required to consider the evidence.  See 20 C.F.R. §§ 416.926, 416.926a, 416.927, 416.929.  There is no requirement an ALJ give any particular amount of weight to non-medical source evidence.  See id.

In rejecting lay witness testimony, the ALJ need only provide "arguably germane reasons" for dismissing the testimony, even if he does "not clearly link his determination to those reasons."  Carter, 2017 WL 360926 at *2 (quoting Lewis v. Apfel, 236 F.3d 503, 512 (9th Cir. 2001), and Cole v. Comm'r of Soc. Sec., 2012 WL 4077233 at *4 (M.D. Fla. Sept. 17, 2012)).  An ALJ may reject lay witness testimony if it is inconsistent with the record.  Id. (citing Lewis,

236 F.3d at 511–12 (rejecting lay witness testimony conflicting with the plaintiff's testimony and the medical record), and Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005) (rejecting lay witness testimony conflicting with the medical record)).

Here, the ALJ expressly discussed NP Mathis' opinions and assigned his opinions little weight.  R. 23.  The ALJ determined NP Mathis' finding—that Plaintiff would need to alternate between a seated and standing position, to elevate his leg, and would be absent between one and three days a month—to be internally inconsistent with NP Mathis' own treatment reports.  R. 23.  Specifically, ALJ Saragas found NP Mathis' treatment reports containing consistently benign clinical observations and notations that Plaintiff's medication were working well to be inconsistent with his opinion on Plaintiff's ability to sit, stand, and need to elevate his leg.  R. 23 (citing R. 585–98, 604–09).  NP Mathis' benign clinical observations and notes that Plaintiff's medication is working well are plainly germane reasons.  McBride v. Berryhill, No. CV416-220, 2017 WL 2313008, at *6 (S.D. Ga. Apr. 21, 2017) ("Inconsistency with the other evidence of record and being predicated on plaintiff's own discredited subjective testimony are germane reasons.").

Because ALJ Saragas stated reasons for discounting NP Mathis' opinion and substantial evidence supports the ALJ's weighing of NP Mathis' opinions, Plaintiff's sole enumeration of error is without merit.  Accordingly, I **RECOMMEND** the Court **AFFIRM** the decision of the Commissioner.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **AFFIRM** the Commissioner's decision and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 5th day of August, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA